**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**LANCE CHRISTOPHER WHITE**                                            **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 4:22-CV-P123-JHM**

**MIKE LEWIS** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss one claim and allow the others to proceed.

**I.**

Plaintiff Lance Christopher White indicates that he is incarcerated as a pretrial detainee at Hopkins County Jail (HCJ). He names as Defendants two HCJ officials - HCJ Jailer Mike Lewis and HCJ Brandon Lampton - and three employees of West Kentucky Correctional Healthcare (WKCH) - Nurse Janet Culver, Nurse Leigh Garrett, and Dr. Scott Wilson. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

1) On 3-27-22 at approximately 7 pm I was in a fight with another inmate who used a hot pot to break my jawl. I asked to see medical. I was in a lot of pain. I was told by the nurse on duty that the doctor would be in that night to see me. I told her I was sure my jawl was broken. She thought so too. I was given 1 ibuprofen and a sip of water. After several hours no doctor comes so I ask a C.O. (Deputy Lampton) to tell medical I need something for pain and something to drink. I had been placed in a gym with the water off. I ask where is the doctor? He replies that the nurse says no water or medicine, doctors orders and [] doctor will get here when he gets here. I spend 19 hours or so with my jawll broken though I didn't know how bad. It was until the doctor never coming I was taken to Baptist Health Hospital in Madisonville by Deputy Clark. After a x-ray or CT scan the doctor told the deputy I need to be transported by ambulance to have immediate surgery because my jawl was severely broken. The deputy said he's not going anywhere until its OK'd by the Jailer and then told the doctor I couldn't have medicine until OK'd by the Jailer. He was

completely indifferent to my situation and the doctor and nurse was not happy. Jailer Mike Lewis is responsible for all Jail operations. . . . Jailer Mike Lewis is responsible for (though not alone) the other violations of my rights after being taken to Louisville – U of L Hospital by ambulance I went to surgery the next day and the day after surgery I went back to the jail where jail staff and medical were indifferent to my medical needs.

(2) Deputy Brandon Lampton is over the kitchen and upon my return from surgery I was given soup to eat for lunch and supper and oatmeal/penut butter mix in the morning. I went through the proper chain of command in notify the jail and Deputy Landon that the soups were not heated properly and it was messing with my stomach also I could not consume the chicken or mushrooms due to my mouth being banded shut. It was painful to try and consume the soup. The morning mix was water. Hardly any oatmeal or penut butter. . . . I was hungry and in pain. He was indifferent to my medical and calori needs.

(3) Nurse Janet Culver, within my 1st few days back from U of L told me to find a point on the wall and focus on it to control my pain. She did this in response to me asking for more medicine because medical would not give me all my pain medicine. I was allowed Children's Tylenol and that only half of my pain medicine sent. I was sent with oxycodone because I just had a major surgery and I'm sure it was intended for at least the 1st week of post surgery. My jawl was severally broken. I was in a great deal of pain. Nurse Culver was rude and did not care I was in pain. . . . [S]he asked me if I wanted crushed Tylenol . . . and I said yes she said ok she had to go get it, slammed the flap to me cell but never returned.

(4) Nurse Leigh Garrett from the beginning was rude and disrespectful to my family that called here. She has been completely indifferent to my medical needs. I've caught her on two occasions put down a higher weight in my weight log book than what the scales read. I believe this is done to keep my weight from being noticed as dropping. The jail and medical knew they handled my situation wrong, they continued to do me wrong and then tryed to cover it up . . . . Nurse Leigh told my mom they can't have the jail strung out on opiates so they aren't giving me my pain medicine. I was in isolation and the medicine was liquid. I was in extreme pain.

(5) Doctor Scott Wilson never came to see me when I had jawl bashed off my face with a hot pot. As a result I sit for aprox 19 hours with blood pouring out of my mouth and in extreme pain. He denied me pain medication.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

As indicated above, Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants HCJ Jailer Lewis and HCJ Deputy Lampton are actually against their employer - Hopkins County, and Plaintiff's official-capacity claims against Defendants Nurse Culver, Nurse Garrett, and Dr. Wilson, are actually against their employer - WKCH.

The same analysis that applies to § 1983 claims against a municipality, such as Hopkins County, applies to § 1983 claims against a private entity contracted to provide services to inmates, such as WKCH. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (*Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has

extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id.* Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights."). To state a claim against either a municipality or a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality or contracted entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The Court construes the complaint as asserting that Plaintiff's constitutional rights were violated as a result of a custom or policy of Hopkins County and/or WKCH based on Plaintiff's allegation that Defendant Leigh told his mother that "they can't have the jail strung out on opiates so they aren't giving me my pain medicine." Based on this allegation, the Court will allow Fourteenth Amendment[1] claims for inadequate medical care to proceed against all Defendants in their official capacities.

---

[1] It is the Due Process Clause of the Fourteenth Amendment that applies to claims brought by pretrial detainees regarding their conditions of confinement. *See, e.g.*, *Richmond v. Huq*, 885 F.3d. 928 (6th Cir. 2018).

### B. Individual-Capacity Claims

#### 1. Defendant Lewis

Upon review of Plaintiff's allegations against Defendant Lewis, the Court concludes that Plaintiff has failed to state a claim against him in his individual capacity. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff does not allege that Defendant Lewis denied him medical care or that he denied Plaintiff's transfer from one hospital to another. Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Lewis was actively involved in the alleged violation of Plaintiff's constitutional rights, Plaintiff's individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

#### 2. Defendants Lampton, Culver, Garrett, and Wilson

Upon consideration of the allegations set forth in the complaint, <u>the Court will allow Fourteenth Amendment inadequate medical care claims to proceed against these Defendants in their individual capacities</u>.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's individual-capacity claim against Defendant Lewis is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: January 20, 2023

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.011