UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:22CV-00123-JHM**

**LANCE CHRISTOPHER WHITE**                                                   **PLAINTIFF**

**V.**

**MIKE LEWIS,** *et al.*                                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions to dismiss by Defendants West Kentucky Correctional Healthcare, Nurse Leigh Garrett, and Nurse Janet Culver pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 19, DN 23]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Plaintiff Lance Christopher White was incarcerated as a pre-trial detainee at the Hopkins County Jail. He filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that Hopkins County, West Kentucky Correctional Healthcare ("WKCH"), Nurse Leigh Garrett, Nurse Janet Culver, Dr. Scott Wilson, Jailer Mike Lewis, and Officer Brandon Lampton were deliberately indifferent to White's medical needs in violation of the Fourteenth Amendment to the United States Constitution. [DN 1]. On the Court's initial screening pursuant to 28 U.S.C. § 1915A, the Court dismissed the individual capacity claim against Jailer Mike Lewis and allowed the claims to proceed against the remaining Defendants. [DN 6].

White makes the following allegations in the complaint with respect to WKCH and its employees:

1) On 3-27-22 at approximately 7 pm I was in a fight with another inmate who used a hot pot to break my jawl. I asked to see medical. I was in a lot of pain. I was told by the nurse on duty that the doctor would be in that night to see me. I told her I was sure my jawl was broken. She thought so too. I was given 1

ibuprofen and a sip of water.  After several hours no doctor comes so I ask a C.O. (Deputy Lampton) to tell medical I need something for pain and something to drink.  I had been placed in a gym with the water off.  I ask where is the doctor?  He replys that the nurse says no water or medicine, doctors orders and the doctor will get here when he gets here.  I spend 19 hours or so with my jawl broken though I didn't know how bad it was until after the doctor never coming I was taken to Baptist Health Hospital in Madisonville by Deputy Clark.  After a x-ray or CT scan the doctor there told the deputy I need to be transported by ambulance to have immediate surgery because my jawl was severely broken.  The deputy said he's not going anywhere until its OK'd by the Jailer and then told the doctor I couldn't have medicine until OK'd by the Jailer.  He was completely indifferent to my situation and the doctor and nurse was not happy.  Jailer Mike Lewis is responsible for all Jail operations. . . .  Jailer Mike Lewis is responsible for (though not alone) the other violations of my rights.  After being taken to Louisville – U of L Hospital by ambulance I went to surgery the next day and the day after surgery I went back to the jail where jail staff and medical were indifferent to my medical needs.

. . .

(3) Nurse Janet Culver, within my 1st few days back from U of L told me to find a point on the wall and focus on it to control my pain.  She did this in response to me asking for more medicine because medical would not give me all my pain medicine.  I was allowed Children's Tylenol and that was only half of my pain medicine sent.  I was sent with oxycodone because I just had a major surgery and I'm sure it was intended for at least the 1st week of post surgery.  My jawl was severally broken.  I was in a great deal of pain.  Nurse Culver was rude and did not care I was in pain. . . .  [S]he asked me if I wanted crushed Tylenol . . . and I said yes she said ok she had to go get it, slammed the flap to my cell but never returned.

(4) Nurse Leigh Garrett from the beginning was rude and disrespectful to my family that called here.  She has been completely indifferent to my medical needs.  I've caught her on 2 different occasions put down a higher weight in my weight log book than what the scales read.  I believe this is done to keep my weight from being noticed as dropping.  The jail and medical knew they handled my situation wrong, they continued to do me wrong and then tryed to cover it up . . . .  Nurse Leigh told my mom they can't have the jail strung out on opiates so they aren't giving me my pain medicine.  I was in isolation and the medicine was liquid.  I was in extreme pain.

(5) Doctor Scott Wilson never came to see me when I had jawl bashed off my face with a hot pot.  As a result I sit for aprox 19 hours with blood pouring out of my mouth and in extreme pain.  He denied me pain medication.

[DN 1].

Defendants WKCH, Garrett, and Culver now move to dismiss the claims against them. [DN 19, DN 23]. White filed responses [DN 29, DN 30], and Defendants filed replies [DN 31, DN 32].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id*., and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id*. at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id*. at 679. Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-00064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."); s*ee*

*also Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *2 (W.D. Ky. Feb. 8, 2018); *Johnson v. Brady*, No. 4:19-CV-P29-JHM, 2019 WL 6311997, at *1 (W.D. Ky. Nov. 25, 2019). As another district court stated, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012). Here, because the Court already screened the complaint under § 1915A, Defendants are, in effect, asking this Court to reconsider its decision to allow the claims to continue. With the foregoing in mind, the Court will address the merits of the instant motion.

### III. DISCUSSION

#### A. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3)

4

show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993)). The Sixth Circuit has held that, for purposes of liability under § 1983, this standard also applies to a private entity, such as WKCH, which has contracted with a municipality to provide medical services to inmates. *See*, *e.g.*, *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function.") (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)).

### B. Fourteenth Amendment Deliberate Indifference

White asserts a Fourteenth Amendment deliberate indifference claim against WKCH, Hopkins County, and the Individual Defendants. "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Services Group*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (internal quotation marks omitted)).

Defendants maintain that White's Fourteenth Amendment deliberate indifference claims against Nurses Garrett and Culver, as well as WKCH, should be dismissed because a prisoner's

5

dissatisfaction with provided treatment and/or medication is insufficient to illustrate deliberate indifference in violation of the Eighth Amendment[1]. *See Moses v. Coble*, 23 F. App'x 391, 392 (6th Cir. 2001) ("A cursory reading of Moses's complaint reflects that he is dissatisfied with the defendants' decision to respond to his back pain with over-the-counter medications. This dissatisfaction does not implicate Eighth Amendment concerns.").

Construing the complaint in the light most favorable to Plaintiff, as the Court is required to do at the pleadings stage, White alleges that he suffered a sufficiently serious medical need—a broken jaw that required immediate surgery and pain medication. White further alleges that WKCH staff denied him medical care of his broken jaw for 19 hours and then, upon his return to jail after his emergency surgery, Nurses Garrett and Culver immediately withheld the pain medication prescribed to him by his treating surgeon at the University of Louisville hospital because "they can't have the jail strung out on opiates." Based on these allegations, one could infer that the nurses denied White his prescribed pain medication pursuant to a policy of WKCH of not providing narcotic medication to pretrial detainees or pursuant to their own decision to deny him the prescribed pain medication.

Contrary to Defendants' arguments, the Court cannot discern at this stage of the litigation whether the nurses' decision to deny him the narcotic pain medication prescribed by his treating physician and to instead give him children's Tylenol was merely a disagreement on the proper course of treatment between medical professionals—treating physician verses WKCH nurses—or was medically unacceptable under the circumstances given the serious pain he suffered from his broken jaw and surgery. *See Bownes v. Washington*, No. 14-11691, 2023 WL 424259, at *22 (E.D. Mich. Jan. 26, 2023) (a medical professional's treatment decisions will not be accorded

---

[1] This is a Fourteenth Amendment deliberate indifference claim, not Eighth Amendment.

deference if no minimally competent professional would have so responded under those circumstances); *Streeter v. Macomb Cnty.*, No. CV 22-10287, 2023 WL 1784745, at *8 (E.D. Mich. Feb. 6, 2023) ("In short, the Complaint contains sufficient facts to allege that Dr. Arrat's actions were in fact not the result of a mere misdiagnosis, but instead constituted purposeful disregard of Plaintiff's serious injury, subsequently causing him unnecessary suffering: in other words, deliberate indifference."); *Sams v. Franklin Cnty., Ohio*, No. 2:19-CV-05330, 2022 WL 769529, at *3 (S.D. Ohio Mar. 14, 2022); *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (reversing dismissal for defendants, finding denial of pain medication after surgery could constitute deliberate indifference, and denying qualified immunity under Eighth Amendment standard); *Bass v. Corr. Health Servs.*, No. CV-13-00009-PHX-FJM, 2014 WL 348198, at *6 (D. Ariz. Jan. 31, 2014). At this stage of the litigation, the allegations support an inference that the denial of White's narcotic pain medication was not a disagreement between medical personnel, but a complete disregard of White's treating physician's instructions regarding follow-up care after his jaw surgery.

Upon review of the above allegations, the Court finds that Plaintiff alleges sufficient facts in support of his Fourteenth Amendment deliberate indifference claim to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), based on Defendants' alleged 19-hour delay in providing medical treatment and Defendants' subsequent failure to give White pain medication specifically prescribed by his treating physician after surgery. Therefore, consistent with its initial § 1915A screening, the Court denies Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss this claim.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss [DN 19, DN 23] are **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 21, 2023

cc: Plaintiff, *pro se*
    Counsel of Record